UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIO VASQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02176-TWP-DML |
| | ) |
| BAYLOR TRUCKING INC., BAYLOR | ) |
| LEASING INC., MYRA C. SELBY, JAMES T. | ) |
| SPOLYAR, and ELIZABETH M. BOLKA, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS TO DISMISS AND MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Motions to Dismiss filed by Defendant Myra C. Selby ("Selby") (Filing No. 20) and Defendants James T. Spolyar ("Spolyar"), and Elizabeth M. Bolka's ("Bolka") (Filing No. 22). Also before the Court is *pro se* Plaintiff Mario Vasquez's ("Vasquez") Motion for Entry of Default against Defendant Baylor Trucking Inc. and Baylor Leasing Inc. (collectively, "Baylor") (Filing No. 25). On August 4, 2021, Vasquez initiated this action alleging several unspecified claims including what the Court interprets as breach of contract against Baylor, fraud or misrepresentation against Spolyar and Bolka, and allegations that Selby violated her professional oath as an arbitrator. (Filing No. 1 at 7.) For the reasons stated below, the Court **grants** both Motions to Dismiss and **denies** the Motion for Default Judgment.

### I.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Vasquez as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Vasquez was hired by Baylor as a company tractor trailer driver in September 2018. ([Filing No. 1 at 7](#).) Approximately seven months later, on April 26, 2019, he entered into an Independent Contractor Agreement and a Lease with Option to Purchase Agreement (collectively, the "Contract") with Baylor. *Id.* Despite attempting to terminate the Contract approximately fifteen times over the course of the year, on April 23, 2020, Baylor terminated the Contract without any prior notice. *Id.* The reason provided to Vasquez for the termination was violations of performance and behavior. *Id.* The termination "left [him] in emotional distress and without a source of income." *Id.*

Following his termination, Vasquez pursued claims through arbitration against Baylor. On September 2, 2020, Vasquez received a letter from Spolyar and Bolka, the attorneys who represented Baylor, that included "outright lies" and misrepresentations designed to have Vasquez withdraw his arbitration claim. *Id.* Vasquez, however, neither attached this letter to his complaint nor specifically stated the alleged misrepresentations. Defendant Selby was appointed as the arbitrator for Vasquez's claims. ([Filing No. 21 at 1](#).) After reviewing the testimony, evidence, and arguments made by both parties, Selby issued her interim award on May 17, 2021, and her final award on June 21, 2021, in favor of Baylor. *Id.* at 1-2.

On August 4, 2021, Vasquez filed a Complaint against Baylor, Spolyar, Bolka, and Selby. ([Filing No. 1](#).) In addition to challenging the results of the arbitration and claiming that Baylor improperly terminated the Contract, Vasquez is seeking damages against Spolyar and Bolka for what the Court interprets as a fraud-based claim for sending him the September 2, 2020 letter, as well as allegedly failing to provide evidence of their allegations in discovery and refusing to have the letter introduced as evidence during the arbitration. *Id.* Additionally, Vasquez is seeking

damages from Selby for failing to abide by her "Arbitrator's Oath" and exceeding her power by overturning a decision made by the Indiana Department of Workforce Development. *Id.*

After filing his Complaint, Defendants Selby, Spolyar, and Bolka filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Vasquez fails to allege facts to support claims upon which relief may be granted. (Filing No. 20; Filing No. 22.) Thereafter, Vasquez filed a Motion for Entry of Default against Baylor asserting that Baylor had been served but failed to respond to his Complaint. (Filing No. 25.)

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." When resolving whether to dismiss a motion under Rule 12(b)(6), a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the non-moving party. *Covington Court, Ltd. v. Vill. of Oak Brook*, 77 F.3d 177, 178 (7th Cir. 1996). Nevertheless, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court explained that a complaint must allege facts that are "enough to raise a right to relief above the speculative level." A plaintiff must include sufficient factual detail to lift his claims from mere hypothetical possibility to plausibility. *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The allegations must

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Likewise, when deciding a Rule 12(b)(6) motion to dismiss, a court may uphold the dismissal only if the "complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 615, 625 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Additionally, because Vasquez is proceeding *pro se*, the Court will construe his complaint more "forgivingly than a pleading prepared by a lawyer." *Schillinger*, 954 F.3d at 994.

**B.    Default Judgement Under Fed. R. Civ. P. 55**

Obtaining a default judgment in federal court is a two-step process. *See* Federal Rule of Civil Procedure 55(a)-(b). Step one requires a party to file an application for entry of default by the clerk pursuant to Rule 55(a). If the defendant fails to timely answer or otherwise respond to a Complaint, the plaintiff can request entry of default by the court clerk. *Id.* If the clerk enters a default, then the plaintiff can move to step two, and ask the Court to grant a default judgment pursuant to Rule 55(b)(2). The entry of a clerks default is a necessary prerequisite for the court to grant a default judgment. *See* 10 *Moore's Federal Practice* §55.10[1], at 55-14 (Matthew Bender 3d ed. 2014).

The decision to grant or deny a default judgment is within the Court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion). A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th

Cir. 2012). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

### III.   DISCUSSION

The Court will first address the Defendants motions to dismiss before turning to Vasquez's request for a default judgment.

**A.   Spolyar's and Bolka's Motion to Dismiss**

Defendants Spolyar and Bolka move to dismiss Vasquez's Complaint for several reasons. First, they argue that Vasquez fails to meet the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9. ([Filing No. 23 at 3](#).) Specifically, while appearing to challenge the final award reached during the arbitration, Vasquez has failed to provide any facts regarding what occurred during the arbitration or the decision reached by the arbitrator. *Id.* Spolyar and Bolka argue that "it is impossible for the Court and the parties to determine what challenge is being made" or whether his allegations are appealable under either the federal or Indiana arbitration acts. *Id.* Additionally, Spolyar and Bolka contend that the specific allegations against them involve alleged "misrepresentations," which amounts to a fraud-based claim that requires the heightened pleading standards of Federal Rule of Civil Procedure 9. *Id.* at 4.

Second, Spolyar and Bolka argue that, even if Vasquez had properly stated his claim, his claim is not cognizable on the face of the Complaint. *Id.* They point out that Indiana law only recognizes two types of fraud: actual and constructive. *Id.* (citing *Westfield Ins. Co. v. Yaste, Zent & Rye Agency*, 806 N.E.2d 25, 30 (Ind. Ct. App. 2004)). Spolyar and Bolka assert that for both types of fraud, Vasquez was required to rely on alleged misrepresentations. *Id.* at 4-5. The

misrepresentation Vasquez alleges was that Spolyar and Bolka sought to have him withdraw his arbitration claim, which he did not do. *Id.* Spolyar and Bolka, contend that Vazquez did not rely on the alleged misrepresentation and has failed to state a claim. *Id.*

Third, Spolyar and Bolka contend that Vasquez cannot "collaterally attack the judgment reached in arbitration." *Id.* at 5. As the attorneys for Baylor during the arbitration, Spolyar and Bolka argue that they are immune from Vasquez's claims. *Id.* at 5-6 (citing *Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 665 (Ind. Ct. App. 2002)). Unless specific conditions are met, such as fraud or tortious conduct, the Defendants argue that this immunity should be upheld by the Court. *Id.* at 6. Spolyar and Bolka argue that, because Vasquez has failed to state a fraud claim, he cannot overcome this immunity and his claims against them should be dismissed.

Finally, Spolyar and Bolka assert that Vasquez's claims against them are barred both by the Federal Arbitration Act and the Indiana Arbitration Act. *Id.* at 6. These statutes state that the exclusive remedy or relief from an improper arbitration award is to vacate the award. *Id.* Spolyar and Bolka argue that neither statute provides Vasquez with the right to sue the opposing party's attorneys in order to seek damages for an improper award. *Id.* at 7.

In response, Vasquez argues that Spolyar and Bolka have provided "misleading" information to the Court and attaches exhibits that he alleges gave the Defendants full knowledge of the basis of his claims. (Filing No. 28 at 1.) After reciting his grievances with the letter he received, Vasquez then points to violations of the Rules of Professional Conduct which he alleges Spolyar and Bolka violated, including Rules 4.1 and 8.4. *Id.* at 3-4. For these reasons, Vasquez argues that their Motion should be denied. *Id.*

In reply, Spolyar and Bolka argue that the accusation that they have misled this Court is both "improper and inaccurate." (Filing No. 35 at 2.) They contend that their arguments were

based on the content of Vasquez's Complaint and that the documents and matters outside of the pleadings are irrelevant for the purposes of their Motion. *Id.* While Spolyar and Bolka request that the Court strike Vasquez's exhibits, they also argue that even if they are considered by the Court, the new documents support their previous arguments that Vasquez has failed to state a claim. *Id.* Spolyar and Bolka also contend that Vasquez's supporting exhibits are, among other things, inadmissible settlement communications under Federal Rule of Evidence 408, as well as Indiana Rule of Evidence 408. *Id.* at 2-3.

The Court recognizes that a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however unartfully pleaded, must be held to less stringent standards than formal pleading drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Vasquez's Complaint, however, fails to meet the heightened pleading standard required for his claim under Federal Rule of Civil Procedure 9. As a fraud-based claim, Vasquez is required to state with particularity the basis for his claim, which he does not do. His attempts to correct these deficiencies in his response brief by attaching exhibits and quoting documents fail, because "[o]rdinarily, a court only considers the pleading when ruling on a motion to dismiss." *Kuebler v. Vectren Corp.*, 412 F. Supp. 3d 1000, 1003 (S.D. Ind. 2019) (citing *Jackson v. Curry*, 888 F.2d 259, 263 (7th Cir. 2018)).

Even if the Court were to consider Vasquez's newly cited materials--which it can do only if the materials are referred to in the Complaint and central to his claims--the documents he attached are clearly inadmissible settlement communications under Federal Rule of Evidence 408. *Id.* (citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)). And, even if these documents were admissible, they fail to support a claim for fraud or provide Vasquez with a basis for pursuing

professional misconduct claims against Spolyar and Bolka. Accordingly, Spolyar and Bolka's Motion to Dismiss is **granted**.

**B.      Selby's Motion to Dismiss**

Defendant Selby has also moved to dismiss Vasquez's Complaint for failure to state a claim. Among the several arguments included in her Motion, Selby asserts that both the Seventh Circuit and Indiana courts recognize and apply arbitral immunity that protects her from Vasquez's claims. (Filing No. 21 at 3.) Selby is correct. The Seventh Circuit has frequently recognized that parties adjudicating matters, including arbitrators, are protected by absolute immunity. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012) ("Parties who, although not judges, engage in adjudication . . . such as private arbitrators. . . also enjoy absolute immunity."). So, the issue the Court must determine is whether Vasquez's claims against Selby are related to her adjudication of the arbitration.

Vasquez provides little detail in his Complaint and in a conclusory fashion alleges that Selby "failed to abide by her Arbitrator's Oath and exceeded her power by overturning a decision made by the Indiana Department of Workforce Development." (Filing No. 1 at 7.) In response to Selby's Motion, Vasquez contends that Selby disregarded Indiana's unemployment laws when she "made a decision against [Vasquez] and refused to address this matter when [Vasquez] questioned her authority to over turn decision [sic] in the interim award . . . ." (Filing No. 27 at 3.) However these allegations are solely related to Selby's decision in favor of Baylor and the exercise of her authority as an arbiter and are barred by absolute immunity. Though Vasquez clearly disagrees with Selby's decision, he cannot pursue claims against her directly. Accordingly, Selby's Motion to Dismiss is **granted**.

### C. <u>Vasquez's Motion for Default Judgment</u>

Vasquez seeks an entry of default against Baylor alleging that Baylor has been served and the time for responding to his Complaint has passed. ([Filing No. 26](#).) In response, Baylor argues that it was never properly served under Federal Rule of Civil Procedure 4 and, therefore, no response was ever required and default is inappropriate. ([Filing No. 32 at 2-3](#).) Baylor supports its position by directing the Court to the docket in this matter; specifically, indicating that a summons to Baylor has never been issued by the Clerk nor has a waiver of service on Baylor's behalf ever been filed. *Id.*

Federal Rule of Civil Procedure 12(a) provides that a defendant must serve an answer within 21 days after being served with the summons and complaint or, if service is waived, within 60 days after the request for a waiver was sent, or 90 days if the defendant is outside any judicial district of the United States. Given that no waiver has been filed or presented to this Court, Vasquez was required to properly serve Baylor with a summons and the Complaint. As Baylor is a corporation, Vasquez could have served Baylor in the manner prescribed for serving an individual or "by delivering a copy . . . to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process . . . ." *See* Fed. R. Civ. P. 4(h). There is no evidence before the Court that Baylor was properly served or waived service, therefore, not even a clerks default cannot be entered, and Vasquez's Motion is **denied**.

Despite not being served, Baylor agreed in its briefing to forego formal service and officially appear as of December 2, 2021. ([Filing No. 32](#).) On the same date, Baylor filed a Motion of Extension of Time to File a Response to the Complaint, asking the Court to delay its required responsive pleading until the Motions to Dismiss were resolved. ([Filing No. 33](#).) The Court

granted the Motion and Baylor now has **twenty-one (21) days from the date of this ruling** to provide a responsive pleading. (Filing No. 37.)

### IV.    CONCLUSION

For the foregoing reasons, Defendant Selby's Motions to Dismiss (Filing No. 20) is **GRANTED** and the claims against her are dismissed **with prejudice.**[1] Because she has absolute immunity, an amended complaint would be futile. The **clerk is directed** to terminate Defendant Selby from this case.

Defendants Spolyar and Bolka's Motion to Dismiss (Filing No. 22), is **GRANTED** and the claims against them are dismissed **without prejudice**[2]**.** Vasquez is granted leave to file an amended complaint within fourteen (14) days of the date of this Entry. If an amended complaint is an exercise in futility and/or if nothing is filed, the Motion to Dismiss will be converted to a dismissal with prejudice.

Vasquez's Motion for Entry of Default against Defendant Baylor Trucking Inc. and Baylor Leasing Inc. (Filing No. 25) is **DENIED**. Defendant Baylor has **twenty-one (21) days from the date of this ruling** to provide a responsive pleading.

**SO ORDERED.**

Date:    6/29/2022

_[signature: Tanya Walton Pratt]_

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] The Court is under no obligation to allow further amendments where doing so would be futile, as it would be here. *See Doermer v. Callen,* 847 F.3d 522, 528 (7th Cir. 2017).

[2] "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed . . . [unless] amendment would be futile or otherwise unwarranted." *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519, 520 (7th Cir. 2015).

Distribution:

Mario Vasquez
434 North Brockway Ave
Youngstown, Ohio  44509

Nicholas Gene Brunette
REMINGER CO. LPA (Indianapolis)
nbrunette@reminger.com

Lyndsay I. Ignasiak
REMINGER CO. LPA (Indianapolis)
lignasiak@reminger.com

Thomas Eugene Mixdorf
ICE MILLER LLP (Indianapolis)
thomas.mixdorf@icemiller.com