UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIO VASQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02176-TWP-KMB |
| | ) |
| BAYLOR TRUCKING INC., and | ) |
| BAYLOR LEASING INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE AWARD

This matter is before the Court on Plaintiff's Motion to Vacate Award filed by *pro se* Plaintiff Mario Vasquez ("Vasquez") (Dkt. 46). Vasquez initiated this lawsuit against Defendants Baylor Trucking, Inc. and Baylor Leasing, Inc. (collectively, "Baylor") as well as arbitrator Myra C. Selby ("the Arbitrator") and Baylor's attorneys, after a contractual dispute led to an unfavorable arbitration award. The claims against the Arbitrator and Baylor's attorneys' have been dismissed. For the reasons stated below, Vasquez's Motion to Vacate Award must be **denied**.

### I.   BACKGROUND

In 2018, Vasquez was hired by Baylor as a company tractor trailer driver (Dkt. 1 at 7). On April 26, 2019, he entered into an Independent Contractor Agreement and a Lease with Option to Purchase Agreement (collectively, the "Contracts") with Baylor. *Id.*  With no prior notice, on April 23, 2020 Baylor terminated the Contracts with Vasquez, citing violations of performance and behavior as the reason for his termination. *Id.*  As a result, Vasquez was left in emotional distress and without a source of income. *Id.*  Following termination of his contracts, Vasquez requested arbitration before the American Arbitration Association to pursue various claims against Baylor. Myra C. Selby was appointed as the arbitrator to hear Vasquez's claims (Dkt. 21 at 1).

After reviewing evidence, testimony, and arguments from both parties, the Arbitrator issued an interim award in favor of Baylor on May 17, 2021 (Dkt. 21-1), and on June 21, 2021 issued a final award in favor of Baylor. (Dkt. 21-2). The Arbitrator concluded that Vasquez materially breached his agreement with Baylor by failing to provide professional truck driving services. (Dkts. 21-1 and 21-2).

On August 4, 2021, Vasquez filed this lawsuit against Baylor, the Arbitrator, and Baylor's attorneys ("Spolyar and Bolka"), challenging the results of the arbitration. (Dkt. 1). In addition to challenging the arbitration award, Vasquez also included a fraud-based claim against Spolyar and Bolka based on a letter they sent him on September 2, 2020, that he alleged contained misrepresentations. *Id.* He also sought damages from the Arbitrator for failing to abide by her "Arbitrator's Oath" and exceeding her power by overturning a decision made by the Indiana Department of Workforce Development, and sought to have the arbitration award vacated. *Id.* On June 29, 2022, the Court granted the Arbitrator's motion to dismiss with prejudice based on her absolute immunity (Dkt. 39). On September 13, 2022, the Court granted Spolyar and Bolka's motion to dismiss without prejudice after Vasquez failed to file an amended complaint within the allotted fourteen days (Dkt. 41). Thereafter, Vasquez filed the instant Motion to Vacate Award on October 26, 2022, arguing the Arbitrator displayed evident partiality and exceeded her powers under Indiana Code § 34-57-2-13 (Dkt. 46).

## II.   STANDARD FOR VACATING ARBITRATION AWARD

The Indiana Uniform Arbitration Act, Ind. Code § 34-57-2-1, *et seq*. ("the Act"), sets forth the grounds on which a court may vacate an arbitration award. The Act states a court shall vacate an award where:

(1) the award was procured by corruption or fraud;

2

> (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> (3) the arbitrators exceeded their powers and the award can not [sic] be corrected without affecting the merits of the decision upon the controversy submitted;
>
> (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 of this chapter, as to prejudice substantially the rights of a party; or
>
> (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section 3 of this chapter (or IC 34-4-2-3 before its repeal), and the party did not participate in the arbitration hearing without raising the objection;
>
> but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Ind. Code § 34-57-2-13(a). The party seeking to vacate an award in arbitration bears the burden of proving the grounds to set the award aside. *Bopp v. Brames*, 677 N.E.2d 629, 631 (Ind. Ct. App. 1997). Judicial review of arbitration awards is very narrow. *School City of East Chicago, Ind. v. East Chicago Federation of Teachers, Local No. 511*, 622 N.E.2d 166, 168 (Ind. 1993). Courts will set aside an arbitration award only when the party seeking to vacate the award has demonstrated one of the grounds specified by the Act. *Id.*

### III. DISCUSSION

Vasquez asserts two grounds under the Act for vacating the arbitration award: (1) the arbitrator displayed evident partiality, and (2) the arbitrator exceeded her powers. The Court will address these arguments in turn.

A.   **Vacating the Award on the Grounds that the Arbitrator Displayed Evident Partiality**

Indiana Code § 34-57-2-13(a)(2) provides that an award may be vacated due to evident partiality by the arbitrator. Vasquez argues that the Arbitrator displayed evident partiality because

she "denied summary judgment to both parties without explanation;" made a final decision "without addressing" his issues; and "she made a decision using hearsay statements provided by the Defendants instead of documented evidence and terms of contractual agreements". (Dkt. 46 at 2.) Baylor responds that this argument amounts to nothing more than Vasquez's disagreement with the Arbitrator's decision, which is not sufficient grounds for vacating the award under the Act. (Dkt. 53 at 1–2.)

When a claim of partiality as to an arbitration award is made, the court is under an obligation to scan the record to see if it demonstrates evident partiality on part of the arbitrators. *Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1264 (7th Cir. 1992). A party alleging evident partiality by the arbitrator as grounds for vacating an award must show interest or bias that is "direct, definite and capable of demonstration." *Id.* Such proof of partiality may not be "remote, uncertain or speculative." *Id.* In deciding whether to vacate an award on these grounds, the Court ultimately considers whether the arbitration proceedings were fundamentally unfair. *See Generica Ltd. v. Pharmaceutical Basics, Inc*., 125 F.3d 1123, 1130 (7th Cir. 1997).

Vasquez's sole support for his allegation that the Arbitrator was evidently partial is based on her decision to credit certain evidence presented by Baylor over other evidence in reaching her conclusions. (Dkt. 46 at 2.) In his reply, Vasquez contends

> The arbitrator biases are so obvious that to justify the Defendants in the interim award, she omitted the word immediately out of section sixteen of the contract (exhibit 2, excerpt of contract). Meaning, with the word immediately, the Defendants could have terminated the contract based on their allegations prior to and up to 29 March 2020. Given that the termination occurred twenty-five (25) days later the Defendants were required to issue a fifteen (15) days notice prior to termination based on section two of the contract ( exhibit J6, Filing No.46) and the Implied Covenant of Good Faith and Fair Dealing (exhibit 3).

(Dkt. 56 at 1). Vasquez argues the arbitrator's decision "was not intellectually based on the evidence at hand nor did she follow the directives expected of her position as a neutral arbitrator" (Dkt. 56 at 1).

The Court has reviewed the Arbitrators interim and final reports, as well as the exhibits tendered by both parties. The Courts review of the record does not reflect evident partiality.  The Arbitrator  defined the parties dispute as Vasquez claim that Baylor breached the parties' contract by not providing fifteen (15) days' notice prior to terminating the lease agreement. (Dkt. 21-1 at 2.)   She noted that Baylor denied the claim and contends that the 15-day notice period was not required under the circumstances of termination. *Id.* The Arbitrator evaluated the key documents involved in this matter: the Lease Overview, the Lease Agreement and the Independent Contractor Agreement, discussed the alleged material breach by Vasquez—that he did not at all time provide professional truck driving services—and provided a detailed analysis. *Id*. at  2-5. The Arbitrator concluded that "[b]ased upon consideration and review of all of the testimony, evidence and arguments set forth by the parties, the arbitrator concludes that Baylor was justified in terminating Vasquez under the terms of the Lease and ICOA contracts on the basis of material breach by Vasquez." *Id* at 5. The Court has carefully scanned the record before it to see if it demonstrates any evident partiality on the part of the arbitrator, and finds no evidence of partiality.

An arbitrator's consistent reliance on one party's evidence and interpretation of law does not raise an inference of partiality. *MSP Collaborative Developers v. Fidelity & Deposit Co. of Maryland*, 596 F.2d 247, 251 (7th Cir. 1979).  Without specific evidence or demonstration of the arbitrator's evident partiality, Vasquez fails to show direct, definite, and demonstrable bias or that the arbitration proceedings were fundamentally unfair. Vasquez has made no showing of the Arbitrator's evident bias other than her adverse decision that is nonetheless supported by evidence

5

presented by Baylor. Accordingly, Vasquez has not shown sufficient grounds for the Court to vacate the award under Indiana Code § 34-57-2-13(a)(2).

**B.      Vacating the Award on the Grounds that the Arbitrator Exceeded Her Powers**

A court may also vacate an award pursuant to Indiana Code § 34-57-2-13(a)(3) if the arbitrator exceeded their powers and the award cannot be corrected without affecting the merits of the decision. Vasquez appears to argue the Court should vacate the award on these grounds for multiple reasons that he reiterated in his Reply Brief (Dkt. 56). First, Vasquez argues the Arbitrator exceeded her power when interpreting the Independent Contractor Operating Agreement ("ICOA") between himself and Baylor (Dkt. 46 at 1). Specifically, he argues the Arbitrator's interpretation of the Duration of Agreement and Termination Clause in the ICOA exceeded her power. *Id.* In response, Baylor argues that even if the Arbitrator did misconstrue the clause, an arbitrator may do so without subjecting the award to vacation (Dkt. 53 at 5).

Indeed, arbitrators do not exceed their power by misconstruing a contract. *National R.R. Passenger Corp. v. Chesapeake & O. Ry. Co.*, 551 F.2d 136, 142 (7th Cir. 1977). Additionally, vacating an award because the arbitrator's interpretation of a contract is "irrational" is reserved for extraordinary circumstances. *Id.* Such circumstances are not present in this case. Vasquez argues that in the interim award The Arbitrator omitted the word "immediately" from her recitation of section 16 of the ICOA (Dkt. 56 at 1). However, such an omission does not render her interpretation irrational. Section 16 provides grounds on which either party may terminate the contract immediately and without notice, including a material breach (Dkt. 21-1). The word "immediately" has no bearing on whether Vasquez materially breached the contract or whether Baylor, as a result, was permitted to terminate the contract without notice. Having found Vasquez committed a material breach, the Arbitrator found Baylor was not obligated to provide a 15-day

notice. *Id.* Her interpretation of section 16 was not irrational, and neither was her conclusion. Therefore, The Arbitrator did not exceed her power on these grounds.

Second, Vasquez argues The Arbitrator exceeded her power by "overturning" the Indiana Department of Workforce Development's finding regarding his employment termination (Dkt. 56 at 1). He contends that The Arbitrator did not respond to his request for a more detailed discussion of this aspect of her decision and that she did not address every contested issue he raised. *Id.* at 1, 5. Vasquez contends her refusal to do so illustrates that the award in favor of Baylor exceeded her power. *Id.* at 1.

Vasquez has presented no evidence that the Arbitrator overturned the Indiana Department of Workforce Development's decision other than alleging that she did so and attaching the Department's determination as an exhibit to his Motion (Dkt. 46-1 at 9). Further, the Arbitrator made no such ruling in her interim or final award (*See* Dkt. 21-1; Dkt. 21-2). In any event, arbitrators do not exceed their power by failing "to discuss every issue that the parties contested." *Affymax, Inc. v. Ortho-McNeil-Janssen Pharms., Inc.*, 660 F.3d 281, 285 (7th Cir. 2011). Nor does an arbitrator exceed her power "by not explaining [her] award in greater detail." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 564 (7th Cir. 2008). Vasquez argues the "only logical reason" that the Arbitrator did not further explain her decision or address the additional issues that he brought up is because she had no authority to find in favor of Baylor (Dkt. 56 at 1). However, the Arbitrator is not required to provide further explanation of her award or discuss every contested issue in her written opinion. The fact that Vasquez would have liked a more comprehensive discussion of certain issues is not a basis to determine the Arbitrator exceeded her power and for vacating the award. Vasquez has, therefore, not shown that the Arbitrator exceeded her power on these grounds.

## IV. CONCLUSION

Vasquez has failed to show a basis for vacating the unfavorable arbitration award. For the reasons explained above, Plaintiff's Motion to Vacate Award (Dkt. 46) is **DENIED**. With no additional claims for relief pending against Baylor, and with all claims against the other defendants having been previously dismissed, entry of final judgment is appropriate.

Final judgment will be entered under separate order.

**SO ORDERED.**

Date: 3/7/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Vasquez
434 North Brockway Avenue
Youngstown, Ohio 44509

James Thomas Spolyar
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jspolyar@scopelitis.com

Madeleine Vala
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
mvala@scopelitis.com

Thomas Eugene Mixdorf
ICE MILLER LLP (Indianapolis)
thomas.mixdorf@icemiller.com